IN THE UNITED STATES DISTRICT COURT
FOR THE Commonwealth DISTRICT OF Massachusetts
Boston DIVISION

*(Write the District and Division, if any, of*
*the court in which the complaint is filed.)*

**Michelle Lynn McNeil (Heir)**

___and_____

**Estate Michael H. McNeil (Deceased)**

_____

*(Write the full name of each plaintiff who is filing*
*this complaint. If the names of all the plaintiffs*
*cannot fit in the space above, please write "see*
*attached" in the space and attach an additional*
*page with the full list of names.)*


  -against-

**Bristol County Probate and Family Court Division**

_____

Defendants Acting under Color of Law: Register Gina
L. DeRossi, Barbara Pacheco, Melinda J.E.Sheppard,
Judge Katherine A. Field, Court Appointed Personal
Representative  Jan Dabrowski. Docket
#BR15P1306EA__Bristol County
Divison_____

_

*(Write the full name of each defendant who is being*
*sued. If the names of all the defendants cannot fit*
*in the space above, please write "see attached" in*
*the space and attach an additional page with the*
*full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil
Rights**
(Non-Prisoner Complaint)

Case No. _____ _____
*(to be filled in by the Clerk's Office)*

Jury Trial:     X☐ Yes   ☐ No
                *(check one)*

---

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting
from public access to electronic court files. Under this rule, papers filed with the court should
*not* contain: an individual's full social security number or full birth date; the full name of a
person known to be a minor; or a complete financial account number. A filing may include
*only*: the last four digits of a social security number; the year of an individual's birth; a
minor's initials, and the last four digits of a financial account number.

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

**Introduction to Parties**

- **Michelle Lynn McNeil (1771)**  **ellemc2@yahoo.com** (608) 487-6125, 2112 Julie Ave Sparta WI 54656.  Michelle is eldest heir of Michael H. McNeil.  Michelle Lynn McNeil has four children. Brings actions against Defendants as they denied the Estate and humbly her own the protection guaranteed under to All Americans under the United States Constitution and Bill Of Rights. Their reckless abandonment to the Estate is willful, deliberate with intent to reject Michelle from Appointment of Personal Representative based her disability. Since Michelle's grievance the motive has been to retaliate cause harm and injure.

- **Estate of Michael H. McNeil** ( **4-9-47- 3-17-15**) Decedent passed away March 17, 2015.  He grew up in Duxbury Massachusetts but resided at the time of his Death in Fall River. He was divorced and did not remarry. Michael raised two children Michelle Lynn McNeil (1971) and Christine Anne Stedman(McNeil)(1975). Michael served honorably in the United States military and enlisted to uphold the United States Constitution and protect America's freedoms. He loved his family and Country. Michael H. McNeil devoted himself to God and good works.  A man of honor and integrity he worked hard for what he acquired and shared with others his kindness. Michael H. McNeil dreamed to always own property by the water.  He reached that dream twice once on cape cod and then enjoyed his final years on the lake of Ozarks.   Michael H. McNeil was born April 9, 1947 and passed away unexpectedly at age 67.

- **Seven Grandchildren and two Great-Grandchildren (9 total) (Michael H. McNeil's grandchildren from (Michelle L. McNeil 1971)**

**A.**   Leianna Rose Melde (1990),
**B.**   Shaylalee Marie Ferris (1992),
**C.**   Mikayla Gene Ferris (1998),
**D.**   Slade Edward Wayne Ferris (2001).

**Michael H. McNeil has two Great Grandchildren** from his first born granddaughter **Leianna Melde.**

**A.** Elliana Lynn Melde (2012) **B.** Landen Michael Eugene (2015)

**Michael H. McNeil's grandchildren from (Christine A. Stedman (1975)**
   **A.** Maycena Stedman (2007)
   **B.** Drake Stedman     (2010)
   **C.** Lily Stedman      (2012)


### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1. **Respondeat Superior**

   Name: **Bristol County Probate and Family Court Division:**

   Job or Title: **A local government employer**

   Street Address: **40 Broadway, Suite #240**

   City and County: **Taunton, Bristol County**

   State and Zip Code **Commonwealth of Massachusetts** __02780

   Telephone Number **(508) 977-6040**

   E-mail Address _ info@bristolcountyprobate.com

   Defendants acting under color of law: Register Gina L. DeRossi, Barbara Pacheco: Melinda J.E.Sheppard, Judge Katherine A. Field.

   x☐ Individual capacity  x☐  Official capacity

**Defendants:**
* **Gina L DeRossi:** Register probate and family Court, Bristol County Division, 40 Broadway, Suite #240 Taunton, MA. 02780. phone (508) 977-6040. Probate Court affects every American Citizen and a good Manager protects the public

from discrimination. She is an employee of Bristol County.
The register claims to not discriminate on basis of
disability but failed to live up to this guarantee and set
the foundation for discrimination directly against
Michelle.  She is being sued in her individual and Official
Capacities for violation of Plaintiff's Constitutional
Rights under the color of the law.

- **Barbara J. Pacheco:** Bristol County Division, 40 Broadway,
  Suite #240 Taunton, MA. 02780.  (508) 977-6040. Judicial
  Assistant to Judge Katherine A. Field. She failed to
  perform judicial duties and discriminated against Plaintiff
  as employee of Bristol County, she failed to perform job
  duties and intentionally discarded McNeil case and thus did
  not insure that administrative duties were performed for
  Docket #BR15P15P1306EA. Estate Michael H. McNeil. Her negligence
  breached the Plaintiff's privacy and did not follow the
  Supreme law of the land.
  **mailto:barbara.pacheco@jud.state.ma.us**  She is being sued
  in her individual and Official Capacities for violation of
  Plaintiff's Constitutional Rights under the color of the
  law.
- **Melinda J E. Sheppard:** Bristol County Division, 40
  Broadway, Suite #240 Taunton, MA. 02780. (508)977-6040.
  She failed to confirm her identity and sent an upsetting
  email to Michelle July 20, 2016. This was after Michelle
  reports to Barbara Pacheco, again that the personal
  representative is still refusing to contact family.
  Michelle called **August 17,2016,** to confirm if she is
  employee. Melinda ambiguously wrote an auction took place
  previously but provided no confirmation of her identity.
  Michelle attempted to find out what "auction" meant.
  Melinda laughs, telling Michelle, contact the reprehensive
  "You seek legal counsel" (Sarcasm) Hangs up. Family is
  highly stressed. She is being sued in her individual and
  Official Capacities for violation of Plaintiff's
  Constitutional Rights under the color of the law.
  mailto:melinda.sheppard@jud.state.ma.us
- **Judge Katherine A. Field:** Bristol County Division, 40
  Broadway, Suite #240 Taunton, MA. 02780. (508) 977-6040.
  She is employee of Bristol County Court System and Assigned

to hear Docket#BR15P1306EA Estate of Michael H. McNeil.   Michelle is
forced to relinquish her rights and must go against her
father, Michael H. McNeil's Wishes.   Michelle was denied
various constitutional rights. For example, Disallowed, to
present her father's evidence **written by Michael H. McNeil**
in court or provide her own defense. She is being sued in
her individual and Official Capacities for violation of
Plaintiff's constitutional rights under the color of the
law

- **Jan Dabrowski** :   190 William St, New Bedford, MA 02740 ·
  (508) 997-4545. Court Appointed a Representative December
  21, 2015. Judge Field decided on Jan Dabrowski in Jan 2016.
  Jan Dabrowski, does not follow Massachusetts law or court
  order. Jan Dabrowski has rejected rules to provide notice
  and Bond.  Jan Dabrowski has furthermore, rejected all
  contact with Michelle or family.   Defendant is being sued
  in His/her individual and official capacities for violation
  of Plaintiff's Constitutional Rights under the color of the
  law.

- **Bristol County Probate and Family Court Division:** A local
  government employer located in Bristol County Massachusetts
  with a principal place of business located at 40 Broadway,
  Suite #240 Taunton in Commonwealth of Massachusetts 02780
  and is a second order administrative division that at all
  times hereto is an employer of the Defendants.   Bristol
  County is liable and its local government located in city
  of Taunton Massachusetts is liable for damages to Plaintiff
  Michelle L. McNeil and Estate of Michael H. McNeil under
  the theory of Respondeat Superior for the torts committed
  by Defendants. Defendant is being sued in His/her
  individual and official capacities for violation under the
  color of the law.

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any
rights, privileges, or immunities secured by the Constitution and [federal laws]." Under
*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388
(1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐    Federal officials (a *Bivens* claim)

X    State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

**1.** This is an action for exemplary money damages, declaratory, and injunctive, relief 42 U.S. Code § 1983 and 1988 the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the law of Massachusetts. Against Judge Field, Gina L.De Rossi Register Probate,  Barbara J. Pacheco. mailto:barbara.pacheco@jud.state.ma.us. Melinda J.E. Sheppard, mailto:melinda.sheppard@jud.state.ma.us.  Jan Dabrowski. They are being sued in their individual and official capacities and the County of Bristol.

**2.** All Americans with disabilities are protected under the American with Disabilities Act of 1990, along with section 504 of the 1973 Rehabilitation Act, TITLE 11 requiring nondiscrimination on the basis of disability in all aspects of programs or activities receiving federal funds. TITLE 11 applies to State and local government entities, and, in subtitle A, protects qualified individuals with disabilities from discrimination on basis of disability in services, programs, and activities provided by state and local government entities. Title 11 extends the prohibition on discrimination established by section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.794, to all activities of State and local governments regardless of whether these entities receive federal financial assistance.

**3.** The Highest law in the land is the United States Constitution. The Amendments are "The Bill of Rights" which provide guarantees that the government can never deprive people of their fundamental rights.

C.      Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

- Bristol County is liable and its local government located in city of Taunton Massachusetts is liable for damages to Plaintiff Michelle L. McNeil and Estate of Michael H. McNeil under the theory of Respondeat Superior for the torts committed by Defendants.  Gina DeRossi, Barbara Pacheco, Judge Katherine A. Field, Melinda J.E. Sheppard, and Court Appointed Representative Jan Dabrowski all acting under the color of the law.

III.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

## Jurisdiction and Venue

**4.** This court has original Jurisdiction pursuant 28 U.S.C. § 1331 and direct 1343 (3) and (4) over plaintiff's cause of action arising under the constitution of the United States of America  42 U.S.C. § 1983, and Plaintiff brings this action under the Americans with Disability Act, 42 U.S.C.§ 12101, et seq.("ADA"), Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C.§ 794(the "Rehabilitation Act") and The Persons with Disabilities Civil Rights Act, M.C.L.§37.1101,et seq. ("PDCRA").

**5.** This court has additional jurisdiction pursuant to the Declaratory Judgement Act 28 U.S.C. § 2201 and 2202.  This court has supplemental jurisdiction over plaintiff's causes of action arising under Massachusetts's state law pursuant to 28 U.S.C. § 1367.

**6.**Venue lies in the United States District Court for the Eastern District of Boston Massachusetts because a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in Bristol County, Massachusetts **28 U.S.C. § 1391 (b)(2).**

B.      What date and approximate time did the events giving rise to your claim(s) occur?

May of 2015 to Present date. **Probate and Family Court Bristol County Division 40 Broadway Suite 240 Taunton, MA. 02780. Discriminates against Michelle's filings as early as May 2015. First event. mail offense of many committed by Defendants.** Michelle's application is dated May 20, 2015, and submitted.  Michelle first legal forms Priority Express 5-27-15 EK158623571.

C.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

**7.** Michelle L. McNeil is directly and indirectly discriminated against by Defendants in her pursuit for applying for formal probate and appointment of Personal Representative. Her objective is to perform fiduciary, administrate and legal duties with due diligence.  Her motive to honor her father Michael H. McNeil and carry out his wishes.
**8.**Defendants give no credibility to Michelle as Heir to Michael H. McNeil; instead they intentionally sabotage Michelle from her legal right to be appointed.
**9.**   Her application was held on to and not repeatedly not filed. Michelle's mail tampered with and her evidence destroyed by Defendants.
**10.** Defendants maliciously tamper with evidence; a family video is destroyed.  Michelle sent in as evidence and refused to send it back.  This was not accidental as Michelle has all proof to validate including receipts, certified copies, and dates of communication, with signature of arrival.

**11.** Michelle is a humble person and easy to work with. She does not enjoy contention. She wishes to share co-share appointment. "Order and Findings" (Not Dated),reports the opposite fact and it is one example of libel.

**12.** Michelle is oppressed from filing legal forms numerous times due to disability. Defendants intimidated Michelle through repeated harassment then fluctuating between total rejection and abandonment.

**13.** Michelle resends documents at her expense, calls Defendants to remedy the problem but Defendants continue to refuse acceptance and lose legal documents. Michelle starts sending certified letters which required proof of signature. **August 3, 2015.**

**14.** Defendants give Michelle many ultimatums. One example only, **"change the date or we won't file this."**

**15.** Her original Bond has a date of **May 20, 2015.** Michelle was refused filing all together based on disability and fought all these months to get her application in.  The new demand felt like extortion as it was demanding Michelle do something against her Will or else.

**16.** Michelle's petition for formal probate and appointment of representative is dated **May 20, 2015** and Bristol County does not file. Michelle is told her application never arrived, it was held onto for longer than a month and falsified record shows filing **August 5, 2015.**  Bristol County did not inform Michelle that they rejected it until Michelle found out it was not found on docket, and only Christine's Application. Bristol County told Michelle it was initially not there.

**17. "Are you sure you sent it to the correct address"**  Michelle has priority tracking. This is just one example.  Michelle's application is dated May 20, 2015, and submitted.  Michelle first legal forms Priority Express **5-27-15 EK158623571.**

**18.**  Bristol Register forces Michelle to send another at her cost.  Michelle is told it can't be filed until payment or proof of disability and indigent status is received.  But Michelle sent the forms repeatedly and the correct disability proof.

**19.** Defendants refuse accommodation to Michelle even though she is disabled and indigent but provide accommodations to Christine who fortunately has no disabilities.

Christine's application to file **forma pauperis** is approved **August 31, 2015.** Christine is allowed to file her formal probate application **June 5, 2015.** Michelle is restricted and is told she could not file until her forma pauperis is approved.

**20. Michelle has no problem with policy and procedures as long as the protocol is the same for every applicant.** Michelle is harassed over her filings and disenfranchised from her family right as Heir to appointment of personal representative to

Estate of Michael H. McNeil.    This is one example of
prejudicial double standard based on Michelle's disability.
**21.** Michelle phones and asks why her application is continuously
rejected based on disability.
**22.** Michelle phones and Identifies herself, she is still
addressed as her sister Christine. Then she is told only
Christine's application has been filed. At one point, she is
told Only Christine might be appointed. Anything is possible,
but the tone of the person was discriminatory and based on the
evidence destruction, this was the Objective of the Defendants.
**23.** Michelle resends her application; Michelle gets no response
She wonders why she had to send in her application materials
three times.
**24.** They do not provide an explanation, just another ultimatum
which appears like a form of punishment to extort Plaintiff, and
cover-up their discrimination.
**25.** She wants to let them understand she is fully aware of what
is happening and not incompetent.
**26.** Defendants refuse any accountability for their own errors
even though Michelle sent copies of USPS receipts, resends
disability proof, and Just sent a letter certified to prevent it
from happening again. August 3, 2015.
**27.** Defendants want her to change the Bond's date and alter her
information. They refuse to file until Michelle resubmits her
Bond with the date forcibly changed.
**28.** Michelle calls **August 4, 2015** and writes this on her
application **"my sister has no bond?"**    Michelle gets no response
back on this. The Defendants still have Not Required a Bond for
Christine.
**29.** Michelle is forced into submission and changes the Bond date
from **May 20, 2015** to **August 4, 2015.** She does keep her
application date the same **May 20.2015.**    She informs the
Defendants of all the docket filing errors and they refuse to
correct.
**30.** The double standard is discrimination, Michelle's experience
to this harassment and intimidation produces extreme
psychological stress and adds to her grief.
**31.**    The defendant's intentional refusal is fraud, as Michelle
filed **May 20, 2015;** (either way) it Makes Christine's
application null and void. Defendants never required Christine
to submit a Bond. Michelle should have received appointment
immediately and Christine as well. She would have given
Christine the option to co-share as this was always her
intention. They wanted to prevent Michelle from appointment
based on her stigmatized disability.
**32.**    In referencing Bonds, the court has not provided copy of
Bond to family (in regards to Jan Dabrowski) Judge Field's Court

Appointed Representative. Michelle will elaborate to this at later point in complaint. **The whole family feels the effects of Jan Dabrowski's negligence and the discrimination.**

**33.** Michelle's rights to medical privacy is infringed upon by Defendants. When Michelle attempted to Defend Her rights to privacy; and called register, she was told to release all information.

**34.** The Medical private information. HIPPA Privacy rule violation. They require proof of her disability.

**35.** Defendants made every effort to prevent Michelle from success, they purposely sabotage her from formal probate steps. Through falsification of record, and mail tampering.

**36.** Michael H. McNeil being of sound mind drew up instructions years before he went into open heart surgery. He gave what his mother believed was a **"Will"** or "set of instructions" to her for safe keeping. She returned these to him and these instructions are missing.  This was not found at the time of his death and is believed to be in a potential bank safe deposit box. He has numerous bank accounts.

**37.** Michelle asserted her legal right to pursue a search for Michael H. McNeil's **"Last Will and Testament"** but was denied authority from Defendants.

**38.** Michael H McNeil's dream home by the lake was not in default. Many debts he chose to pay ahead such as electric and Condo Association Fees. **Dilatory practices and retaliatory postponement of Defendants let this advantage be depleted and increase costs to Estate. Thus cause loss of surplus.** His property was almost paid in full.  A statement dated **May 18, 2015** proved principal balance for lake condo property owed only **$16, 137.61.**  This included already accumulated late fees and interest since death **March 17, 2015. The statement dated 5-18-17 included late charge of $20.17 and past due amount of $1,379.56 with interest of $70.83 for that small period since Michael H. McNeil had been deceased. Since March 17, 2015.**  This lake property was valued for much more and its memories shared were priceless to Michelle's family.

**39.** Judge Field refused to allow payment in full (or even allow the payment to be brought current) which would have saved Michael H. McNeil's property from foreclosure and loss.

**40.** Heirs were unable to afford this payment and required access to Estate account to safeguard the property.

**41.**   Michael H. McNeil's property by the lake was stolen from the Plaintiff and Estate of Michael H. McNeil as both Heirs were in agreement to pay off the condo in full before the first Hearing was cancelled on **October 30, 2015.** Michelle sent Defendants foreclosure documents before date to validate the need for payment.

**42.** The refusal of motion dated **October 29, 2015** and throwing away evidence including an important family video for purposes of hearing to show inventory of assets and condition of condo before and after status is retaliation against Michelle defense EK86739593US Signed by S. Farrell (FED EX **Ocotober 9, 2015)**. This is just one example.
**43.** The Estate had surplus funds in many accounts.   1. Bank account alone had enough to completely pay off the mortgage. Michael H. McNeil has several Bank Accounts.
**44.** The Plaintiff's Experience to the discrimination produces psychological trauma as the Defendants abuse Michelle on many platforms by saying one thing and doing another, maintaining a double standard, destruction of personal property, Estate mishandling and loss. Mail fraud, Falsification of the record, and refusal to safeguard assets.   Repeated failure to notify and postponements that are intentional.
**45.** In a certified letter **September 11,2015,** Michelle was discriminated against as the Office of Register again refused filing of her citation.   Bristol County failed to provide notice to Michelle for months and held on to her citation Mailed **August 28, 2015. They did not file.** Michelle wanted answers to why they were refusing her the appointment as she had completed the steps.   Christine had not completed. There was no Bond filed by Christine. There was no notarized affidavit, and Christine had not provided proof of publication, the notices were not sent to all interested parties.
**46.** Michelle had supplied proof to Bristol County numerous times and Michelle was still wanting to co-share the appointment but wanted the Defendants to release the official "letters" of appointment to Michelle and Christine.
**47.**   Defendants refused to acknowledge that they received completed citation back. Michelle sent it out **August 28, 2015** but they held on to its filing and fraudulently report Michelle as filing hers later on Docket **October 28, 2015** (two months later) This is intentional as Michelle notifies them.
**48.** Defendants sent   **3 Official pages** and instructed Michelle to send the three copies with Official pages. Michelle sent **Division of Medical Assistance** (7015 0640 0007 8780 9851) and **Massachusetts Attorney General** (7015 0640 0007 8780 9875) and **Christine Stedman** (7015 0640 0007 8780 9868). Notice **August 28, 2015.**   Michelle was not provided enough official pages so she sent copies of notice to other interested parties.   Her (father's sister) and her paternal grandmother (father's mother) Neither Party contested to Michelle being appointed personal representative of Michael H. McNeil's Estate.
**49.** The other party had not completed the steps necessary nor posted her Notice in the paper. **Michelle had notified the News Herald on August 28, 2015 and they printed Michelle's Citation**

**of Formal Adjudication on Tuesday September 1, 2015.** Unlike The Defendants, the Newspaper published and did not discriminate against Michelle Lynn McNeil.

**50.** Bristol County Register wanted Michelle to pay for another Official Page even though they only sent 3 pages. Michelle is discriminated and they still have not corrected the filing date.

**51.** Violations to ethics and Code of Conduct. 28 U.S. Code § 453 - Oaths of justices and judges. Supreme Judicial Court Rule 3:09: Code of Judicial Conduct

Rule 2.2 Impartiality and Fairness

Rule 2.3 Bias, Prejudice, and Harassment

**52.** Michelle's HIPPA Privacy specific to the destruction of record. Michelle is denied accommodations.

**53.** Defendants go against policy and accommodate one candidate to prevent another from success. "dirty tricks" sabotage. Michelle is refused any security under The Equal Protection Clause or American with Disability Act and section 504, title 11

- Defendants repeatedly provide accommodations to her non-disabled sister but refuse Michelle who is disabled. Defendants allow her sister to have extensions without providing Michelle any notice. They provide her exparte telephonic communication. **August 10,2015.** Defendants disallow Michelle the same accommodations. They allow Christine to file application before approval of forma pauperis, they allow Christine to file without any bond, Defendants, allow Christine to place an affidavit on docket that is not sworn or witnessed. Defendants allow the other party to give medical opinion about Michelle but refuse Michelle a rebuttal.

**54.** Defendants destroy Medical fact and this is spoliation of evidence and HIPPA privacy violation. This evidence below was released by Michelle for her defense and given to them by the below Mentioned in support of Michelle.

**55. Medical Record Destruction** and Refuse to answer where these confidential letters are.

> destroyed evidence for Michelle. Medical 000002891737 Clare A. Bruan Hashemi MD, **October 15, 2015** Medical Record Neuroscience 0000002891737 Rachel L. McKenney Endocrinologist MD, **October 6, 2015** Gundersen Medical center: Brian Proctor MD (Known since 2002) psychiatry Mayo clinic **September 29, 2015.**

**56.** Michelle's evidence repeatedly destroyed put Plaintiff in detrimental standing and was intentional sabotage. Michelle's Objective was to have no room for hearsay and the courtesy to have the facts organized and be referenced in exhibits. Michelle wanted medical experts to refute Christine's opinion that Michelle has cognitive problems preventing her from

personal representative.  Michelle was proving rather than speculating and providing more than mere opinions but facts substantiated by professionals and backed up with legal documents.  She also sent a certificate of service and exhibit list to the opposing Party, to make it easier to manage her disability during the telephonic hearing.

- Michelle's **defense EK86739593US Signed by S. Farrell was destroyed with malicious intent to harm Michelle.**  It arrived **Fed Ex** on **October 9, 2015.** for the hearing first scheduled **October 30, 2015.** Michelle was diligent and the Defendants were intentionally negligent. They committed mail fraud and spoliation of evidence through malicious destruction.

**57.**  This action against Michelle was retaliatory as it purposely destroyed and concealed. The destruction also stole her right to accommodation due to medical disability guaranteed to her under the American with Disability Act.  Plaintiff suffers embarrassment, privacy violations, and psychological trauma especially during hearing as Michelle was not provided help guidance or empathy for her disability.

**58.**  Michelle's Sworn and Notarized affidavits never appeared on docket.  **September 29, 2015** Melinda Hemmersbach Notary Public. And **October 15, 2015,** Cheryl Nelson Notary public. These were objections to Christine's non-sworn affidavit.

**59.OCTOBER 30, 2015** a hearing was scheduled that morning for 8:30am and Michelle was instructed to call in for her telephonic hearing.  She did as directed, Michelle left her name and home number and waited by the phone.  She Waited all business day and called thinking she was forgotten. She was told they would get back to her and again confused Michelle with Christine.
**60.** At the end of business day the court called and told Michelle that the Judge was not able to hear two telephonic hearings and postponed the hearing for February 8, 2016. "Order and Findings" (Not Dated) they give a different reason.
**61.**  They intentionally made Michelle wait all day by the phone and they knew this information prior. Michelle made several inquiries and took the day off.  They failed to provide her notice of cancellation.

**62.** "Order and Findings" (Not Dated) Michelle received the phone call late **October 30, 2015** the assistant Judicial case manager, dialed Michelle's home number, and asked for Christine. This was no accident as it is a repeated problem that Michelle had addressed. Michelle emailed Barbara Pacheco specifically about confusion on docket about her and Christine.

**63. September 22, 2015,** A Notice of Assignment given to Judge Field 10-30-2015 at 8:30am. Michelle attempted to mitigate Estate damages and requested to move the hearing and Michelle files a motion **September 29, 2015** with an objective to expedite the appointment of personal representative by Changing the Hearing from **October 30,2015 to As Soon As Possible.** Motion is denied. with exception of telephonic hearing.

**64.** "Order and Findings **#8** (Not Dated) states that **"Michelle asked for change of date and change of date was denied"** It leaves out a key sentence; Michelle writes **"Within thirty days if possible to protect the estate from further foreclosure penalties"** Dated **September 29, 2015.** Michelle sent copies of the foreclosure papers. The Defendants are the party who wish to postpone and refuse all Plaintiff's attempts to mitigate damages. They retaliate again by doing the opposite and change the date to **February 8, 2016.**

**65.** Bristol County failed to notify Michelle of a change of Notice of Assignment that a visiting Judge was covering **October, 30, 2015** and Judge Field was no longer assigned. They postponed until February 8, 2010.

**66.** When Michelle received the phone call late **October 30, 2015** the assistant Judicial case manager, dialed Michelle's home number, and asked for Christine. This was no accident as it is a repeated problem that Michelle had addressed.

**67. August 10, 2015,** an exparte takes place telephonically and it is concealed from the Docket, it takes place after Michelle puts her complaint in writing **August 3, 2015** and almost two months after Christine's application to proceed forma pauperis is referred to Judge **June 23, 2015.** Michelle alleges the hearing was to provide Christine a private platform to voice her concerns regarding Michelle being appointed.

**68.** The Defendants claim it was to approve Christine's Application to file forma pauperis but Defendants already approved Christine's application for formal probate on Docket **June 5, 2015. Michelle, filed a Grievance in writing August 3, 2015 and is rejected.** Michelle is unable to get transcript.

**69.** Defendants offer Christine another accommodation through extension without giving Michelle any notice. **December 18, 2015** to **December 21 2015.** This put Michelle at another disadvantage, as (Monday, **December, 21 2015**) was not good for Michelle. Defendants repeatedly disregard Michelle and do not give her

notice. A phone call informing Michelle is not sufficient
notice. Michelle waited all day again **December, 18 2015** but
defendants only provided accommodation to Christine.  They
purposely retaliate by refusing to help Michelle and do the
opposite by discriminating.
**70.** Michelle had already planned for the hearing in advance and
took a day off. Her daughter had miss another day of work due to
the failure to notify Michelle. (Michelle was babysitting her
grandchildren).
**71.** Michelle follows all protocol and sends notification. For
example, certificate of service is sent to opposing party.
Michelle is not giving notice through certificate of service and
notifies the Defendants that information is not arriving as law
requires. So Defendants start picking up the cost for Christine
but refuse the same for Michelle.
**72.** For Example, Michelle notified the court **November 18, 2015**
again of all the expenses.  Michelle followed up with an email.
This was increased hardship for Michelle especially during the
holiday season. She pleaded with the court and asked if she
could scan Christine copies, as it was increasingly more
financially difficult for her, and she could not afford to send
mail at this time. She emailed certified tracking numbers and
has the unopened returned envelopes and her receipts.
**73.** Barbara Pacheco, sent an email back and said her email was
forwarded to her. Barbara Pacheco, informed Michelle of a few
contradictory things. She wrote **"Please be advised that the
registry has marked the motions that were scheduled to be heard
on October 30th as well as all motions you recently filed on
November 9th for December 18, 2015. Please be aware although the
court has marked these motions for hearing it is still your
responsibility to send copies to and give notice to Christine
Stedman."**  Michelle continues to follow court orders at her
increased expense.
**74.** In addition, Barbara Pacheco's instructions provided in
email for hearing **December 18, 2015 "the court will initiate the
call that day."**  This is the opposite instructions Michelle
received in the mail from the register.
**75.**  Michelle called the register previously as her copies were
not confirmed. Michelle did not know if the motions were denied
accepted or scheduled. Defendants did not mark if motions were
approved or denied on Michelle's copies.
**76.** Michelle's initial grievance put in writing is certified to
register **August 3, 2015,**  in hopes to put an end to
discrimination. Administrative Malfeasance (Includes Conflicts
Between Judges, Failure To Supervise Staff, Delay in Responding
to Complaints about register Delays and lost mail) if only the
Judge could **"monitor and supervise cases in ways that reduce or**

**eliminate dilatory practices, avoidable delays, and unnecessary costs,"** Michelle's letters were pleas for help.   In addition, why is Christine getting Ex-parte telephonic communication **August 10,2015**? Michelle told in email her evidence was Ex-parte **77.** The Judge is subject to Supreme Law and has violated the Plaintiff's rights under the Supremacy Clause appears in Article VI of the United States Constitution.   Judge Field took part in Ex-parte (one-sided) communication with one or some, but not all parties.   Including refusing to listen to a Pro Se or Pro Per party.

**78.** In an email dated **November 20, 2015** to Barbara Pacheco, Michelle voices her concerns; 3 Doctor's letters are not on docket.   Mail fraud and HIPPA Violation.     Medical 000002891737 Clare A. Bruan Hashemi MD, **October 15, 2015** Medical Record Neuroscience 0000002891737 Rachel L. McKenney Endocrinologist MD, **October 6, 2015** Gundersen Medical center: Brian Proctor MD (Known since 2002) psychiatry Mayo clinic **September 29, 2015.** Her Sworn notarized affidavits are concealed or destroyed, **September 29,2015,** Melinda Hemmersbach, Notary Public signs Michelle's sworn affidavit, and **October 15, 2015,** Cheryl Nelson Notary public. These actions are acts of sabotage.

**79.**The Register, did not inform Michelle (what Michelle later learns) on "Order and Findings" (Not Dated)   **#13 "These motions were scheduled for hearing on December 18, 2015"** but in **#15 "They were not considered by the court as they were not properly before the court."**  This is contradictory and inconsistent as Michelle was told one thing and the exact opposite was put in action several times.   Defendants further cover-up and contradict **"The court conducted a telephonic pretrial conference in which both parties participated telephonically" Michelle** was blindsided by defendants as it was not scheduled as such. She is denied her evidence needed and most important the ADA accommodation.

**80.** All of Michelle' motion's followed the procedural tool Bristol County provided.   Michelle followed the procedures and informed the other party with certificate of service.

**81.** On "Order and Findings" (Not Dated) **#5** it Claims **"On September 18, 2015, a notice of appearance was timely filed by Christine Stedman objecting to the petition of Michelle McNeil."**

**82.**   Christine did not file Sworn Affidavit of objections within Thirty days of return date. Christine's affidavit is not sworn or witnessed by anyone, much less a notary public. Michelle has brought this to Defendants attention but they still provide superiority to the Non-Sworn Affidavit and alter the record by destroying Michelle's evidence including her Notarized affidavits and signed evidence.   They discredit both the notaries, 3 doctors, and Michelle.

**83.** The deadline is **September 18, 2015 by 10 am**. They fail to prove Christine met that.

**84.** Massachusetts law it is written that **"You or your attorney must file a written appearance and objection at this Court Before 10:00 am on the return day of 9/18/2015."** Bristol County is not clear on Docket and the filing is late, not filed by the deadline of 10:00 am.  It also states Citation filed objection to objection filed by Christine Stedman.  These two records are conflicting as the **September 22, 2015** date on docket.

**85.** Michelle's filed motions **November 9, 2015** which were not addressed by Judge Field.  One example, **November 9, 2015,** to Dismiss Christine's Objection. Due to Missed deadline and Judicial error in affidavits.  Beth McMahon had not received notice of Christine Stedman's interest in becoming her brother's personal representative. Bristol County falsely reported Michelle had not filed citation but she had and News Herald published September 1, 2015 and all interested parties received notice. (with NO omissions)

**86.** Defendants falsely praise Christine for "timely filing" but intentionally later omit that they accommodated her and had to postpone the hearing to a later date due to her non availability for two days. According to them, **"One party was not available"** and report it but do so ambiguously. Michelle notices that they do not name the party who was Not available. However, if Michelle was not available for two days she is certain they would not have given her the same extension or provided her the safety of ambiguity on "Order and Findings" (Not Dated)

**87.** They do not write that Michelle "timely files" instead they wish to insinuate the opposite.

**88.** (Christine was not available) Therefore, a default Judgement should have been made since Michelle was "timely available all day for three days".  She would have shared the position with her sister Christine Stedman. The Defendants knew this was Michelle's intent since the start.

**89.** They write that they provide "equal footing" to both parties but their actions to discriminate Michelle knock her down and oppress her.

**90.** **December 21, 2015,** Michelle again is not addressed by court all day even though they told her first thing Monday they would dispose of the matter. Michelle told her daughter she would be available later in the day to care for her grandchildren. The Defendants give priority to Christine's schedule over Michelle's. Michelle had asked the court to dispose of the matter on the scheduled Date of **December 18, 2015.** They ignore her needs to meet the unavailable party's.  Defendants Have willfully or persistently failed to perform an official duty by;

bPartiality, bias, or prejudice (against an individual or group)(Includes Embroilment, Prejudgment, Favoritism)  INCLUDING In Pro Per, Religious, Gender, Race, Disability & Indigent.
**91.** She informed the court of her medical condition but they discriminate.  Michelle is scolded by Judge Field for asking in writing and verbally about medical. Michelle, is told she cannot speak about her medical. Michelle is refused a defense over damaging allegations specifically related to her disability. Judge Field, did not Object to name calling by the other party. Michelle only stated that the other Party's name calling was **"not nice."**  Michelle feels dehumanized.
**92.**"Order and Findings" (Not Dated) #15   **" During the conference the parties started to argue"**  Michelle never argued only asked  Wise mind questions. Such as, what reasoning does Christine have for not wanting to share the Personal Representative responsibility?  The Judge makes assumptions about both party's feelings for each other using the word animus.  Michelle wrote descriptions about her sister as intelligent and said she loved Christine Stedman. This was provided to the court.
**93.** On **December 21, 2016,** The Judge refuses to address Michelle's motions even though they told Michelle the Motions were scheduled. The repeated mind games cause further damages.
**94.** Judge Field disrespects Michael H. McNeil by making an insensitive assumption, particularly about the value of his Estate. Michelle cannot quote verbatim what she said but it was derogatory.
**95.** Michael's family wants Defendants to stop devaluing Estate. Michael H. McNeil, is a Veteran of Foreign Wars. He deserves posthumously, the honor and protection he devoted to his country. As Officials working for the government, The Defendants dishonor his legacy by dishonoring his descendants. Abuse of judicial power (includes a knowing or persistent disregard of clear law or fundamental rights)  Failure to review evidence in a case. Has engaged in unethical and improper conduct as a judge. Demeanor, Decorum.
**96.** How did Judge Field came to her assumption and conclusion to state a claim to Know facts before financial evidence is presented regarding Michael H. McNeil's personal finances. Specifically, Estate assets compared to debts.
**97.** When she assumes the Estate is without surplus or insolvent she postpones, throws out Cost effective measures, intentionally orders in their place unethical disenfranchisement.
**98.** Judge plays favorites and ignore Michelle's many attempts to expedite. She also ignores Michael H. McNeil's mother who is elderly (turning 96 years old, **August 25, 2016**) and Michael H. McNeil's sister.  Michelle's grandmother paid for her son's

Funeral from her own estate.    Michelle and Christine could not
access money.  Michelle has been attempting to financially
recover form life losses.

**99.** Defamation and character assassination was supported by
Bristol County as they placed Stedman's Evidence on public
record but denied Michelle the right to defend herself.

**100. December 21, 2015,** Michelle was interrupted in the middle
of a sentence which made speech literally difficult.  Judge told
Michelle that the Medical would not be discussed but allowed
Christine to make false allegations about Michelle's disability
(a medical condition). **December 21,2015,** Michelle was prevented
from speaking her First Amendment Rights and retaliated for her
grievances.

**101.**  Opposing Party was awarded First Amendment Rights to make
allegations and even a medical opinion about Michelle's
disability. Bristol County destroyed Professional Medical
Opinions from Michelle doctors, Michelle's Medical Records were
stamped confidential and addressed to Judge for hearing as
exhibits.

**102.** Defendants denied Michelle's First Amendment Right to
testify with her evidence and prevented her an accommodation
under the American with Disabilities Act 1990. Michelle has
difficulty speaking with complications from past thyroid cancer,
throat surgeries, and trans sphenoidal surgery. As a result,
breathing and swallowing can be complicated during speech and it
is unpredictable depending on duration.

**103.** Defendants stopped Michelle from referencing her evidence
which allowed her to read and speak slowly without interference.
It put Michelle at unfair disadvantage.    Michelle is humiliated
as a result of the Defendants prejudice and discrimination.
Michelle was crying when Judge did not silence other party from
destructive name calling. She only scolded Michelle.
end of hearing and emotionally traumatized.

**104.  In Regards To Competence, Diligence, and Cooperation and also
the right to be Heard;** Michelle Lynn McNeil uses "Order and
Findings" (Not Dated) **#15** as the Judge admits that she did not
allow Michelle to be heard when she writes that **"pleadings were
not considered by the court".**

**105.** Mediation was not considered and it was a cost effective
alternative before appointment of Jan Dabrowski.

**106.**   Bristol County Defendants oppressed Michelle and her
constitutional rights. **18 U.S. Code § 1506 – Theft or alteration of
record or process; false bail,**      Spoliation of Michelle's evidence.
And **18 U.S. Code § 1519.**

**107.** Another example, #15.**"Jan Dabrowski of New Bedford is
appointed Personal  Representative upon a filing of a Bond by
him"**  This is verbatim from the "Order and Findings" (Not Dated)

written after **December 21, 2015** hearing. Failed to notify
Michelle again.

## Part 11. Complaint—complete disregard "Discrimination" Against entire family

**108.** Defendants' disservice has not ceased. Bristol County has a
duty to provide information but there is no address, or phone
number regarding Personal Representative chosen by Judge Field.
Michelle was forced to uncover facts of information on her own
and did this during increased trauma and grief.

**109.** Defendants refuse Plaintiff copy of Bond or ANY
notification from Jan Dabrowski of filing of Official Probate
"letters".

**110.** Failure to give notice in compliance with Massachusetts
law. No later than 30 days -notify all heirs and creditors and
devisees. It has been eight months and not one document to
protect our interest and not one letter or phone call. Michelle
Lynn McNeil leaves several messages but receives no return call.
Communication is essential and Michelle and family have no
knowledge of anything being filed by Jan Dabrowski nor a trust
created to protect Estate assets.

**111.** Michelle, nor any family member of the Estate of Michael H.
McNeil, has filed form MPC 455 waiving their right to written
notice under Massachusetts law. The Defendants have failed to
repeatedly provide notice and with malice have disenfranchised
family from hearings and other crucial securities of estate
business.

**112.** Michelle seeks revocation of Jan Dabrowski. Jan Dabrowski,
has chosen not return any communication.  Jan Dabrowski has been
sent a certified letter **70151520000200132454  July 11, 2016.**

**113.** The negligence on Defendants part has created a
delinquency, lack of original surplus and overall loss to
Estate.  Michelle has contacted Bristol County Probate and
notified them that the Court Appointed Representative Jan
Dabrowski, sole power over the Estate of Michael H. McNeil.
Michelle calculated on bank statements that in one account alone
there has been discovered discrepancies in the amounts of
thousands of dollars.  Jan Dabrowski, is not available to clear
up any misunderstandings, so family relies on their evidence
from Michael H. McNeil's bank statements.

**114.** The creditors will not speak to any family member without
proof of legal authority.  Family has some bank statements from
before Jan Dabrowski was appointed and some after.

**115.** Jan Dabrowski has not reached out to the family to Find
all parts of the Estate and do a complete inventory of assets

- **collect and inventory the deceased person's assets, and keep them safe**
- **pay valid debts and taxes, and 2014 income tax IRS due**
- **distribute the remaining property as the will (or if there's no will, state law) directs. file an accounting, pay taxes  (they are delinquent) protect property from loss- bank forecloses and seizure of property.**

**116.** Michelle contacts Barbara Pacheco, **July 13, 2016** and again notifies the Defendants that Jan Dabrowski has not made contact. Or supplied any proof of Bond.  Barbara Pacheco fails to respond to Michelle.

**117. July 20, 2016** Melinda Sheppard sends an ambiguous email. **"it is unclear as to any potential surplus funds to be addressed after the recent auction; or any other assets to be inventoried, The filing fee that is to be addressed by the estate remains outstanding"**

**118.** Michelle emails July 21, 2017 to voice concerns and has waited for response back to questions. There are no answers from Defendants.  Michelle phones today, 11:09am, 12:09 pm eastern. **August 17 2016,** to confirm previous email was not a fake.  She is unprofessional and still does not introduce herself.  She puts Michelle on hold 3 times. She says she did not receive Michelle's email July 21,2016.  She negates the questions and is only concerned with collecting the filing fee. She refuses to answer any questions about auction, other than sarcastically referring Michelle to representative.  Michelle had previously reported to Barbara Pacheco, **July 13,2016,** (failed to respond back) and Melinda that This representative is refusing all contact.  Michelle, asks her to look at her mail she sent as she is wanting some response to questions.

119. Michelle has patiently waited for answers from the Defendants but it was nonfeasance on their part because they failed to act and purposely refuse to do so. Melinda Sheppard's attitude directed toward Michelle was demeaning, taunting and dehumanizing. Michelle informed her that she is going to file a case for discrimination as she can no longer extend any more time for them to correct their acts of intolerance.   She laughs, **"ok you seek legal advice"** or **"you need to seek legal advice?"** {Her tone was rude and sarcastic).

**119.** No response has been given to Michelle's follow up email **July 21,2016.** key issues are negated as Defendants fail again to respond.  Michelle's questions **July 13** and **July 21,2016** are not addressed.  Michelle is provided again with no notification or peace over **"auction."**

**120.** Jan Dabrowski, fails to acquire information only family to Michael H. McNeil is privy to. This repeated concealment and avoidance leads family to believe self-dealing is priority.
**121.** "letters" are kept from family, the insurance company would not release information regarding if Michael H. McNeil has accidental death coverage on Lake condo property. Family was prevented from further protecting Estate all together. Michelle repeatedly expresses concerns to Defendants and nothing but an email from someone Michelle doesn't even know works for court. She does not confirm if she is an employee as she never responded back when Michelle asked for confirmation. They torture family with vague information "auction" Michelle follows up and wants specifics and is left with nothing. Not knowing is agony for the family as Michael loved the lake and it could be just a joke and not real email? Michelle calls

**122. When directing attention to insurance policies;** family is unclear of all existing policies as Defendants deny search in Bank safe deposit boxes. Decedent, did have death coverage on his Ford Fusion. which negligently is still in possession of Non Heir. On the other hand, Jan Dabrowski's malfeasance keeps him incognito from responding to legal responsibilities. This intentional abandonment by Defendants is cruel, unethical, and a cause for removal and restitution paid to family.

**123.** Vehicles are left to further depreciate, including collectable Mercedes Benz. Michael H. McNeil Loved this vehicle through his life had bought Mercedes. Michelle remembers his fondness for the cars.
**124.** Defendants were given notice by Heirs. That property is in control of non-heir. Three cars are in the hands of non-heir. There is NO outstanding debt on any of the vehicles and this person has chosen to vanish.
**125.** Michael owns a truck that is paid in full, which sits unprotected at his condo parking site. This individual has moved from the last known address. She is not entitled to this property.
**126.** "Order and Findings" (Not Dated) fails to disclose that Michelle attempted to expedite the probate in order to prevent further destruction of Michael H. McNeil's property. Document leaves out important details of facts and finding.
**127.** Defendants' malice has opened the door to fraud.
**128.** This person is not a beneficiary, is not family, and has no authority or permission to take possession of belongings of

Michael H. McNeil. Jan Dabrowski's and Judge Field has not moved to keep Estate property safe. The failure to notify and protect is malfeasance thus plaintiff and Estate holds them accountable for the loss of property and damages.

**129.** There are three storage filled with Michael H. McNeil's property (including antiques and Miscellaneous belongings). Heirs were refused their legal authority to collect their father's assets and were denied the right to keep the property safe.

**130.** The repeated attempts to mitigate damages were refused. The Non Heir would not release any information from the residence of the properties location.  Michelle notified the court and provided an inventory of information to safeguard Estate from further destruction of property value. This occurred in October 2015. The defendants destroyed her property. Emails confirm it is not on docket and is refused to be returned.

**131.** The subjugation has enslaved the Estate of Michael H. McNeil and forced it into the power of someone who is a stranger to Michael H. McNeil.

**132.** All safe deposit boxes for a "Will" must be checked and Jan Dabrowski has not contacted family to no all accounts and assets of Michael H. McNeil or cross reference information with families to ensure that nothing is missed.

**133.** Michelle attempts to work out an arrangement with creditors but they are unable to legally speak to her without court granting Michelle representative authority and "letters."

**134.** Michelle receiving notices in mail reporting delinquent taxes, accounts, past due penalties. Michelle attempts to call and has written certified letters. Michelle attempts with due diligence to work with the appointed representative. Yet is dehumanized through the Defendants actions.

**135.** Michelle phoned the register again **April,21 2016** notifying Court that Jan Dabrowski had not contacted her or family nor family received any information specifically the Bond to protect their rights.

**136.** Evidence Code section 1115-1128 (probate) Both parties entered a verbal and written agreement to pay off the condo before further late, fees and penalties accrued.

**137.** Emails to Barbara Pacheco with foreclosure papers. Judge refuses to review evidence and scolds In hearing December 21, 2015 for emailing her, threw out motions.

**138.** Heirs were in agreement and pleaded with the court in writing (prior to the Judge Field's appointment of Jan Dabrowski). to pay of the remaining real estate mortgage which was only. **$16, 137.61 (included late fees already) statement date May 18, 2015 before their father's dream lakeside condo was seized in foreclosure.**

**139.** The Defendants dishonor the McNeil Family Crest and McNeil Code of Arms by allowing a non-relative to be appointed.

**140.** This is subjugating when they have all the all power over everything. Defendants dishonor the family name by destroying Michael's life work and The destruction of evidence with the above mentioned is additionally a dishonor to the family.

**141.** Fourth Amendment Rights mocked, For example, it forcibly took away the rights of family to privacy being such that they had no longer a choice to object.

**142.** Michelle's grandmother (Elizabeth McNeil) wrote a letter to the court February 10, 2016 and was denied. Also Was denied notice of hearings and prevented from testifying as they already appointed Jan Dabrowski.

**143.** Families First Amendment Rights are denied to protect Estate and Michael H. McNeil's rights posthumously. Violated the code of Probate and Judicial Code of Ethics. **Section 3-203. [Priority Among Persons Seeking Appointment as Personal Representative.]**

**144.** Judge immediately went to the costliest alternative and appointed a colleague, Jan Dabrowski, but negated probate code and overlooked extended family which is next in line according to Massachusetts law.

**145.** This type of intrusive Adjudication is an infringement of Human Rights by appointing a representative who ignore all family. It is cruel and unusual punishment thus an Eighth Amendment violation, as all family members are innocent to any crimes and do not disserve punishment. Michael H. McNeil's Father (Henry P. McNeil) served as chief of Police from 1968-1983 in Duxbury Massachusetts and instilled in his family integrity and a love of God and Country.

**146.** Defendants desecrate McNeil Crest, McNeil Code of Arms through damages and unlawful intrusion into their private lives.

**147.** 'Judge's failure to review evidence in case and Decisional Delay, Tardiness, and Attendance. Judges failure to disqualify and her abuse of authority is unconstitutional. callously ignore, prevent from all information regarding loved one's personal business, and Judge Rewards Jan Dabrowski fees and card on blanche authority given to take total control away from family. An employee laughs and fails to Identify herself **August 17, 2016,** refuses to disclose, any information of Auction and is focused only on collection of filing fees.

**148.** Defendants intentionally refuse to only enforce submission of Bond rule for Michelle. They do not enforce Jan Dabrowski to follow the laws of the land, probate code, or court order and provide family security of Bond; which according to law is supposed to protect Estate and provide protection to Beneficiaries and Creditors from negligence.

**149.** The court failed to disclose information to protect the family, such as a contract protecting Interested parties, including attorney fees. The failure to repeatedly disclose prevents family from freedom of information.

**150.** This prevented family their civil rights, The Judge provided no choices such as giving the family opportunities to appoint the most cost effective choice for the Estate, reject Jan Dabrowski, or appoint their own family member or attorney at their discretion to protect the Estate.

**151.** Failure to allow search for "Will" in safe deposit boxes, Michael H. McNeil might have a specified amount of time allowable for compensation or prohibited executor fees as a stipulation of his **"Will"**

**152.** Defendants refuse a search in timely manner for the "Will" Michelle Lynn McNeil's Constitutional Rights and freedoms that Veteran's like her father Michael H. McNeil Fought so hard to protect.

**IV.   Injuries**

**If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.**

**A.** As a direct and proximate result of Defendants' unlawful actions of discrimination, the Plaintiff suffers injuries and damages and both she and the Estate of Michael H. McNeil are attempting to recover from the injuries.

**B.** The Defendants violated the following clearly well-established Constitutional Rights of Plaintiff.

**C.** Loss of liberty and oppression.

**D.** Increased anxiety, pain, and trauma. Most recent example, (11:09am & 12:09 pm eastern) **August 17 2016** employ Melinda Sheppard contact left Plaintiff feeling dehumanized and still no answers.

**E.** Loss of personal property. Auction

**F.** Loss of Estate Property.

**G.** Michelle sustains individual injuries and also collective family does as a whole.

**COUNT 1**

**Violation OF 42 U.S.C. § 1983**

Against Bristol County Probate Defendants (Jan Dabrowski, Judge Katherine Field, Gina L DeRossi, Barbara J. Pacheco,

Melinda J. E. Sheppard)

**153.** Plaintiff repeats and incorporates by reference herein paragraphs (**1** through **152**)

**154.** Plaintiff claims damages under **42 U.S.C. § 1983** for injuries set forth above against Defendants for depriving Michelle Lynn McNeil's federal constitutional and or statutory rights under the color of the law.

**155.** Defendants acted under the color of the state law when they denied Plaintiff and the Estate of Michael H. McNeil, Federal rights, property interests, asset interests, and discriminated intentionally against plaintiff based on disability.

**156.** Defendants' deprive the Estate of Michael H. McNeil to due diligence thus fail to protect of Civil Rights in probate court. Violation of **42 U.S.C. § 1983** occurred by Defendants acting under the color of the law.

## COUNT 11
### "Discrimination Based on Disability"
### Title 11 of ADA

**157.** Plaintiff repeats and incorporates by reference herein paragraphs (**1** through **156**)

**158. Plaintiff is a "qualified individual with a disability" as described** 42 U.S. Code § 12131.

159. Defendants denied Plaintiff accommodations and purposely destroyed, altered and falsified the record to make it appear that Michelle was the less qualified candidate for personal representative.

## COUNT 111
### "Conscious Pain and suffering"

**160.** Plaintiff repeats and incorporates by reference herein paragraphs (**1** through **159**)

**161.** The wrongful acts of the Defendants, as stated above, caused Michelle Lynn McNeil to endure substantial conscious emotional pain and suffering. Judge Field denied Michelle the right of appointment or shared appointment with Christine. Repeated exclusion of Michelle, wrongfully infringed on Michelle's Constitutional Rights.

**162.** Sleep disturbances such as apnea and insomnia since Discrimination began.  The Psychological Traumas endured from Discrimination has been rejection, stigmatizing, subjugating, disenfranchisement and left Michelle feeling completely dehumanized. Defendants lack of empathy is disenfranchised grief.

**163.** Michelle had a disability that was in recovery and she was persevering. Since the Defendant's torts, Michelle has suffered a deterioration of quality of life, due to the above mentioned. She sustains loss as a direct result of Defendants discrimination and each member of her immediate family should be

compensated. The Estate of Michael H. McNeil is entitled to be
compensated.

## COUNT 1V
### CIVIL CASE Obstruction of justice, Impartiality, Unlawful Ex parte Communications, Denial of Due processes, Destruction of Evidence, Spoliation of Evidence, Deceptive Acts, Sabotage  Mail Fraud

**42 U.S.C. § 1983** Against Bristol County Probate Defendants
(Jan Dabrowski, Judge Katherine Field, Gina L DeRossi,
Barbara J. Pacheco, Melinda J. E. Sheppard)

**164.** Plaintiff repeats and incorporates by reference herein
paragraphs (**1** through **163**)

**165.** Plaintiff factually alleges that (all Defendants) willfully
and intentionally are in violation of multiple provisions of
applicable Federal and State laws protecting the Plaintiff
Michelle Lynn McNeil and the Estate of Michael H. McNeil. The
unfair and deceptive acts in violation of **42 U.S.C. § 1983**.

## COUNT  V.
### "Punitive" "Exemplary Damages"

**166.**  Plaintiff repeats and incorporates by reference herein
paragraphs (**1** through **165**)

**167.**  Defendants have oppressed Plaintiff and subjected Michelle
to unjust cruel hardships.  The disregard for human rights has
increased medical costs and chronic pain is more severe.

**168.**  Conduct by the Defendants is with Malice as it was
intended to discriminate and with a willful and conscious
disregard for Michelle's personal Human Rights and neglect for
the rights of the decedent and descendants.  The Defendants
Misconduct acting under the color of the law has prevented the
protection of the Estate of Michael H. McNeil.

**169.** The Decedent's honorable name is discredited posthumously.

**170.** Defendants intentional concealment, deceit, alteration and
destruction of material fact and evidence with intent to deprive
Michelle of personal property and civil rights.

**171.**  The Fraud to deprive the heirs and descendants of the
decedent "Michael H. MCNEIL" the right to investigate **"Last Will
and Testament"** can be found at one of the safe deposit boxes in
Michael H. McNeil's banks. Jan Dabrowski takes no positive
actions nor does Bristol County Court.  Civil Rights are denied
and Defendants refusal to allow payment of Condo has caused loss
of lake property and Estate assets.

**172.** Defendants refuse Family a signed bond with purpose to
protect heirs and creditors from being harmed by negligence of
personal representative.

**173.** Defendants refuse to safeguard and seal personal records of
Plaintiff and Failure to hold personal representative
accountable. Defendants have refused all attempts by Plaintiff

to Mitigate the damages.  Jan Dabrowski will not communicate and
court will not revoke.  Estate has lost and suffered
insurmountable damages as result of discrimination and
intentional malice.  Plaintiff sustains personal injuries.

## COUNT V1

### Respondeat Superior Bristol County  42 U.S.C. § 1983

**174.** Plaintiff repeats and incorporates by reference herein
paragraphs (**1** through **173**)

**175.**  Defendant Bristol County is liable for Deprivation of
Human Rights. Defendants willfully and intentionally engage in
disenfranchisement of Michael H. McNeil's families' grief.
Defendants dishonor Estate of Michael H. McNeil and discredit
Michelle Lynn McNeil.  Defendants failed to mediate, deny
Michelle her Civil Rights to due process and Justice.  Bristol
County and the City of Taunton Massachusetts employ the
Defendants who committed Civil Rights violations against
Plaintiff and Estate of Michael H. McNeil while acting in the
scope of their employment and under the color of the law.

**176.**  Defendants have total dictatorship and power and subjugate
Michelle L. McNeil and the Estate of Michael H. McNeil into
submission.  The losses and suffering as a result continue into
present day.  **August 17, 2016** the conduct of the Defendants
employed by Bristol County demoralize Michelle.

## V.   PRAYER FOR RELIEF

Plaintiff and the Estate of Michael H. McNeil demand a
jury trial under the Seventh Amendment of the United States
Constitution as to all claims for damages.

### Prayer for Relief, Wherefore Plaintiff Respectfully asks the court:

- Enter judgement in favor of Plaintiff and against
Defendants; Enter order declaring the defendants' conduct
unconstitutional;

- Award Plaintiff compensatory and exemplary punitive damages
against defendants;

- Please include damages to also compensate the Estate of
Michael H. McNeil for its losses, and Injuries incurred for
all damages allowable pursuant to Federal Laws with respect
to Massachusetts general Laws for said amount to be doubled
or trebled, plus court costs and reasonable attorney fees
and such that for interest.

- under federal rule, reimburse Plaintiff and Federal Court
any Fees for bringing this case forward pursuant any

applicable provisions of the law;

- Enter a permanent injunction upon proper motion requiring County of Bristol to adopt contemporary policies and procedures that would prevent the stigmatization of people with Mental Health disorders and Medical disabilities by offering continued education and sensitivity training;

- Grant to Plaintiff and Michael H. McNeil's family any other further relief as may be just and proper to compensate under the circumstances including but not limited to injunctive relieve.

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: August 17, 2016.

Signature of Plaintiff  Michelle Lynn McNeil

Printed Name of Plaintiff  Michelle Lynn McNeil

CHAD TRUSHENSKI
NOTARY PUBLIC
STATE OF WISCONSIN

Document signed before me 8/17/16 @ 1:16 PM
Chad Trushenski (Notary public) exp 7/27/2020