**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                )
**MICHELLE LYNN MCNEIL,**                        )
                                                )
   **Plaintiff,**                 )
                                                )  **Civil Action No.**
   **v.**                          )  **16-11712-FDS**
                                                )
**BRISTOL COUNTY PROBATE AND FAMILY**            )
**COURT DIVISION, GINA L. DEROSSI,**             )
**BARBARA PACHECO, MELINDA J.E.**                )
**SHEPPARD, JAN DABROWSKI, and**                 )
**JUDGE KATHERINE FIELD,**                       )
                                                )
   **Defendants.**                 )
_____ )

## MEMORANDUM AND ORDER

**SAYLOR, J.**

   For the reasons stated below, plaintiff will be ordered to show cause why this action

should not be dismissed within 21 days of the entry of this Memorandum and Order.

## I. Background

   *Pro se* plaintiff Michelle Lynn McNeil has filed a thirty-page, six-count complaint

purportedly on behalf of herself, other heirs, and her father's estate.[1]  The complaint arises out of

her unsuccessful attempt to become appointed the personal representative of her father's estate in

---

[1] The caption of the complaint and the civil cover sheet identify Michelle Lynn McNeil and the Estate of Michael H. McNeil as plaintiffs.  However, the body of the complaint lists several grandchildren and great grandchildren of the deceased as parties.  Only plaintiff Michelle McNeil has signed the complaint.  Plaintiff cannot represent the estate, or any other party, *pro se*.  "Although 28 U.S.C. § 1654 permits persons to proceed pro se, this provision does not allow unlicensed lay people to represent other *pro se* litigants."  *Cohen v. Attorney Gen. of Massachusetts*, No. CA 11-11500-NMG, 2011 WL 5008088, at *7 (D. Mass. Oct. 18, 2011) (citing *Feliciano v. DuBois*, 846 F. Supp. 1033, 1039 (D. Mass. 1994); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)).  *See also* Local Rule 83.5.5; *Edelkind v. Fairmont Funding, Ltd.*, No. C.A. 06-12275-JLT, 2007 WL 5688308, at *5 (D. Mass. Jan. 11, 2007).  Accordingly, at this stage, Michelle McNeil is the only valid plaintiff in this action.

an ongoing probate matter before the Bristol County Probate Court.  Rather than appeal the

orders of the Probate Court, plaintiff instead brought an action in this Court seeking monetary

damages and declaratory and injunctive relief.  Along with her complaint, plaintiff filed a motion

to proceed *in forma pauperis*.

II.     **Discussion**

    A.     **Plaintiff's Complaint Is Subject to Screening**

Plaintiff's motion to proceed *in forma pauperis* will be allowed.  As a *pro se* plaintiff,

however, summonses will not issue unless the Court determines that the complaint states a claim

upon which relief can be granted.  *See* 28 U.S.C. §1915(e).  Furthermore, the Court is obligated

to inquire *sua sponte* into its own subject-matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d

1, 5 (1st Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction,

the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  In conducting this review, the

Court must liberally construe the complaint because plaintiff is proceeding *pro se.  See Haines v.

Kerner*, 404 U.S. 519, 520-21 (1972).

    B.     **The Complaint Fails to State a Claim Upon Which Relief Can Be Granted**

        1.     **Bristol County Probate Court Is Immune from Suit**

The Bristol County Probate Court, as an arm of the state, is immune from suit in federal

court under the Eleventh Amendment to the United States Constitution.  *Dicenzo v. Prob.*, No.

15-CV-30171-MAP, 2015 WL 9690895, at *3 (D. Mass. Nov. 19, 2015) (dismissing claim

against Massachusetts Probate Court under Eleventh Amendment sovereign immunity), *report

and recommendation adopted sub nom. Dicenzo v. Massachusetts Prob. & Family Court*, No.

15-CV-30171-MAP, 2016 WL 128127 (D. Mass. Jan. 12, 2016).  Accordingly, plaintiff's claims

against Bristol County Probate Court are subject to dismissal on the ground of sovereign

immunity.

### 2. Judge Field Is Absolutely Judicially Immune from Suit

Plaintiff's claims against Judge Katherine A. Field are barred by the doctrine of absolute

judicial immunity. *Becks v. Plymouth County Superior Court*, 511 F.Supp.2d 203, 206 (D. Mass.

2007) ("Absolute immunity from civil liability applies to any judicial officer for any normal and

routine judicial act.").  "Absolute immunity applies to 'judges performing judicial acts within

their jurisdiction,' and the protection it affords applies even if the official 'acted maliciously and

corruptly in exercising his judicial . . . functions' or 'in the presence of grave procedural errors.'"

*Ives v. Agastoni*, No. CV 15-30153-MAP, 2015 WL 9647559, at *3 (D. Mass. Dec. 14, 2015)

(quoting *Goldstein v. Galvin,* 719 F.3d 16, 24 (1st Cir. 2013)), report and recommendation

adopted, No. 15-CV-30153-MAP, 2016 WL 79881 (D. Mass. Jan. 5, 2016).  All of the

allegations concerning Judge Field relate to judicial actions in the ongoing probate proceedings.

Accordingly, the claims against defendant Judge Katherine Field are subject to dismissal on the

ground of absolute judicial immunity.

### 3. Bristol Register of Probate and Probate Court Employees Are Entitled to Quasi-Judicial Immunity

The "doctrine of quasi-absolute judicial immunity extends to employees of a court when

they perform tasks that are an integral part of the judicial process." *Andre v. Moriarty*, No. CV-

11-40009-FDS, 2011 WL 1456773, at *7 (D. Mass. Apr. 4, 2011); *see Bowen v. Worcester*

*Family & Prob. Court*, No. CV-14-40113-TSH, 2014 WL 5106419, at *1 (D. Mass. Oct. 9,

2014) (dismissing action *sua sponte*, holding that quasi-judicial immunity attached to probate

and family court register and other court personnel acting in furtherance of their judicial duties).

Here, plaintiff claims that the register of probate and various other staff have failed to undertake

their official duties of probating the plaintiff's father's estate properly.  As pleaded, the

complaint is insufficient to overcome a defense of quasi-judicial immunity and subject to

dismissal as to defendants Gina L. DeRossi, Barbara Pacheco, and Melinda J.E. Sheppard where

all of the actions allegedly occurred in the ordinary course of on-going probate court

proceedings.

### 4.   The Court Is Without Subject Matter Jurisdiction Over Diversity Claims Against Court-Appointed Representative.

The remaining defendant is Jan Dabrowski, the court-appointed personal representative

of the estate.  There is no apparent cognizable claim against Dabrowski under federal law,

because Dabrowski is not a state actor for purposes of a civil rights action under 42 U.S.C.

§1983.  *See Lipin v. Ellis*, No. 07-92-P-S, 2007 WL 2198876, at *12 (D. Me. July 26, 2007),

*aff'd*, No. CIV. 07-92-P-S, 2007 WL 2701493 (D. Me. Sept. 10, 2007); *Witte v. Young*, No. 2:14-

CV-2439-TLN-EFB, 2015 WL 5232681, at *4 (E.D. Cal. Sept. 8, 2015) (collecting cases).

Accordingly, the only potential basis of subject-matter jurisdiction against Dabrowski is diversity

jurisdiction.  But even assuming diversity jurisdiction is present, "[u]nder the probate exception,

federal courts are deemed to lack jurisdiction to 'interfere with the probate proceedings or

assume general jurisdiction of the probate or control of the property in the custody of the state

court.'"  *Dumas v. Snow*, No. CIV.A. 10-10187-GAO, 2010 WL 3304207, at *2 (D. Mass. Aug.

23, 2010) (citing *Jiménez v. Rodríguez–Pagán,* 597 F.3d 18, 23 (1st Cir.2010).

Here, plaintiff is, in essence, complaining about the results of Probate Court proceedings.

She apparently disagrees with the Court's appointment of the personal representative.  Her claim

against the personal representative are for damages and injunctive relief relating to the

appointment and service in an ongoing proceeding relating to the probate property.  This Court is

without jurisdiction to interfere with the ongoing probate proceedings pending before the Bristol

4

County Probate Court.  Accordingly, that claim is likewise subject to dismissal.[2]

### III.   <u>Conclusion</u>

For the foregoing reasons, plaintiff's motion to proceed *in forma pauperis* is GRANTED.

Plaintiff shall show cause in writing within 21 days why this action should not be dismissed for

the reasons stated above.  Failure to comply with this order will likely result in dismissal of this

action.

**So Ordered.**

/s/ F. Dennis Saylor IV

F. Dennis Saylor IV

Dated:  October 3, 2016                                    United States District Judge

---

[2] Even if the probate exception did not apply, the Court would likely abstain from exercising jurisdiction over the claim.  *See Munroe v. McGee*, 478 F. Supp. 2d 110, 117 (D. Mass. 2007) (finding *Younger* and *Colorado River* abstention doctrines grounds for abstaining from suit challenging actions of special administrator of estate in ongoing probate matter).