UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHELLE LYNN MCNEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 16-11712-FDS |
| | ) | |
| BRISTOL COUNTY PROBATE AND FAMILY | ) | |
| COURT DIVISION, GINA L. DEROSSI, | ) | |
| BARBARA PACHECO, MELINDA J.E. | ) | |
| SHEPPARD, JAN DABROWSKI, and | ) | |
| JUDGE KATHERINE FIELD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, plaintiff shall file and amended complaint within 28 days of the date of the entry of this memorandum and order.

**I.    Background**

*Pro se* plaintiff Michelle Lynn McNeil filed a thirty-page, six-count complaint purportedly on behalf of herself, other heirs, and her father's estate relating to her unsuccessful attempt to become appointed the personal representative of her father's estate in an on-going probate matter before the Bristol County Probate Court. Along with her complaint, plaintiff filed a motion to proceed *in forma pauperis*. On October 3, 2016, the Court issued a Memorandum and Order granting plaintiff's motion to proceed *in forma pauperis* and ordering the plaintiff to

show cause why the complaint should not be dismissed. On October 26, 2016, plaintiff filed a 59-page response to the show cause order.

## II. Discussion

After careful review of the materials provided to the Court, the plaintiff will be provided with an opportunity to amend her complaint to consolidate the information in these documents into a single complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a plaintiff to include in the complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). *See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueños en Acción v. Hernandez,* 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements are not tantamount to nonexistent requirements.'" *Id.* (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988)). Moreover, under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed her. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." quoting *Twombly*, 550 U.S. at 555). *See Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice.") (internal citation and quotation marks omitted).  By asserting her claims collectively against the defendants, and by failing to provide underlying factual support for liability—separately for each cause of action asserted—the complaint fails to comply with Rule 8.  *See Bagheri v. Galligan*, 160 Fed. Appx. 4, 5, 2005 WL 3536555, *1 (1st Cir. 2005) (unpublished decision finding complaint deficient because, among other things, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts; "[the district court's requirement of an amended complaint] to remedy this deficiency did not demand more than the minimum necessary to satisfy notice pleading standards."); *see also Atuahene v. City of Hartford*, 10 Fed. Appx. 33, *34, 2001 WL 604902, *1 (2d Cir. 2001) (unpublished decision, stating "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard . . . . ").

  By December 8, 2016, which is 28 days from the date of this memorandum and order, the plaintiff shall file an amended complaint setting forth plausible claims upon which relief can be granted, or the matter may be dismissed.  Any amended complaint should focus on the legal claims against each defendant, and the factual basis for such claims.  In other words, the complaint should set forth the basic facts as to who did what to whom, when, where, and why.  The complaint should not assert claims collectively against the defendants, but should identify the claims against each defendant separately.  It should also not assert multiple causes of action against a defendant in one count; it should identify separately each cause of action and the grounds on which that claim is based.  In addition, it should distinguish those claims based on action or inaction in an individual capacity from those based action or inaction in an official capacity.  Plaintiff may submit exhibits in support of his amended complaint, but is not required to do so.  The complaint may refer to exhibits filed with the complaint, but the complaint cannot

rely on the exhibits to constitute the allegations; these must be set forth in the amended complaint itself.

### III. Conclusion

For the foregoing reasons, it is hereby ordered that:

1. By December 8, 2016, plaintiff shall file an amended complaint curing the deficiencies identified in this memorandum and order in accordance with Rule 8 of the Federal Rules of Civil Procedure.

2. Failure to comply with this order will likely result in the dismissal of this action.

**So Ordered.**

Date: November 10, 2016

/s/ F. Dennis Saylor IV
F. Dennis Saylor
United States District Judge