UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHELLE LYNN MCNEIL, ESTATE OF MICHAEL H. MCNEIL, SLADE E.W. FERRIS, SHAYLALEE FERRIS, LEIANNA MEIDE, and MIKAYLA FERRIS, <br><br> Plaintiffs, <br><br> v. <br><br> BRISTOL COUNTY PROBATE AND FAMILY COURT DIVISION, GINA L. DEROSSI, BARBARA PACHECO, MELINDA J.E. SHEPPARD, JAN DABROWSKI, and JUDGE KATHERINE FIELD, <br><br> Defendants. | Civil Action No. 16-11712-FDS |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

**I.   Background**

Plaintiff Michelle Lynn McNeil, proceeding *pro se*, filed a 30-page complaint, purportedly on behalf of herself and others, arising out of her unsuccessful attempt to become appointed the personal representative of her father's estate in an on-going probate matter before the Bristol County Probate Court. Along with her complaint, plaintiff filed a motion to proceed *in forma pauperis*. On October 3, 2016, the Court issued a memorandum and order allowing her motion to proceed *in forma pauperis* and ordering her to show cause why the complaint should not be dismissed.

On October 26, 2016, plaintiff filed a 59-page response to the show-cause order. On

November 10, 2016, the Court ordered the plaintiff to file an amended complaint. On November 28, 2016, plaintiff filed a response and 30-page amended complaint. The amended complaint identifies Michelle Lynn McNeil and the Estate of Michael H. McNeil as plaintiffs in the caption. In addition, Slade E. W. Ferris, Shaylalee Ferris, Leianna Meide, and Mikayla Ferris have signed the amended complaint as plaintiffs.[1]

The amended complaint asserts ten counts against the Bristol County Probate and Family Court Division, a Probate Court Judge, her staff and court personnel, and a court-appointed personal representative. Specifically, it alleges claims under 42 U.S.C. § 1983 (Count 1); under the Americans with Disabilities Act and/or the Rehabilitation Act (Count 2); for "Conscious Pain and Suffering" (Count 3); for negligence (Count 4); under 21 U.S.C. §846 [sic] and 18 U.S.C. §1962(d) for conspiracy (Count 5); under 18 U.S.C. §73 [sic] for obstruction of justice (Count 6); for mail fraud/theft of mail under 18 U.S.C. 1708 (Count 7); theft under 18 U.S.C. §1506 (Count 8); punitive/exemplary damages (Count 9); and respondeat superior 42 U.S.C. §1983 (Count 10).[2]

No matter how those claims are cast, plaintiffs are in essence contesting the results of the administration of an estate and the decisions made by the state Probate Court. The probate of the estate is, apparently, an ongoing proceeding. Plaintiffs contend that they are being denied their constitutional rights based on how those proceedings are taking place. They further contend that Michele McNeil is being subjected to discrimination under the Americans with Disabilities Act and Rehabilitation Act by not being accommodated in the ongoing probate proceedings.

---

[1] The Estate of Michael H. McNeil will be dismissed without prejudice from the action. As explained in the Court's October 3, 2016 memorandum and order, the estate cannot proceed *pro se* and no attorney has appeared on behalf of the estate. Furthermore, any minor children cannot proceed *pro se*.

[2] The Court has renumbered and identified the counts of the amended complaint to correct plaintiff's numbering errors and avoid confusion when referring to the counts.

For the reasons stated below, all claims asserted in the amended complaint will be dismissed.

## II. Discussion

### A. Plaintiff's Complaint Is Subject to Screening

Because the plaintiff is proceeding *in forma pauperis*, the amended complaint is subject to screening. *See* 28 U.S.C. §1915(e). Under that statute, the court must dismiss an action if it is malicious or frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B). The Court must liberally construe the complaint because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B. Count 5 (Conspiracy)

Count 5 purports to allege a conspiracy count pursuant to 21 U.S.C. § 846 and a conspiracy under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d). To the extent plaintiffs assert a claim under 28 U.S.C. § 846, the complaint fails to state a claim, as that is a criminal statute relating to drug offenses with no private right of action. To the extent it purports to allege a RICO conspiracy, it fares no better. "RICO . . . is a statute that Congress enacted as a tool in the federal government's 'war against organized crime,' . . . to help combat enduring criminal conduct." *Home Orthopedics Corp. v. Rodriguez*, 781 F.3d 521, 527 (1st Cir. 2015) (internal citation omitted). Civil plaintiffs are entitled to damages if they can prove they were "injured in their business or property." *Id.* "To state a civil RICO claim . . . a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern of racketeering activity . . . ." *Id.* at 528 (citations and punctuation omitted).

Here, the RICO claim is not properly pleaded under Rule 8(a). However, even reading the complaint as a whole, the allegations fail to allege a cause of action under RICO. For

example, as to the only non-immune defendant, Jan Dabrowski, the complaint does not begin to describe any acts or omissions that could plausibly be construed as "conduct" amounting to a "pattern of racketeering activity." Accordingly, Count 5 will be dismissed for failure to state a claim upon which relief can be granted.

      C.    **Counts 6 (Obstruction of Justice), Count 7 (Mail Fraud and Theft of Mail), and Count 8 (Theft)**

Plaintiff's claims in Count 6 (Obstruction of Justice), Count 7 (Mail Fraud and Theft of Mail), and Count 8 (Theft) purport to allege civil claims based on criminal statutes. "'[A] private citizen has no authority to initiate a federal criminal prosecution,' nor to seek other relief based on alleged violations of federal criminal statutes." *Diaz v. Perez*, No. CV 16-11860-RGS, 2016 WL 6871233, at *5 (D. Mass. Nov. 21, 2016) (citing *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)). "In the context of claims based on federal statutes, the fact that a federal statute has been violated . . . does not automatically give rise to a private cause of action." *Nasuti v. U.S. Sec'y of State John Forbes Kerry*, 137 F. Supp. 3d 132, 139 (D. Mass. 2016) (quoting *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979) (quotations omitted)). Rather, "[p]rivate rights of action to enforce federal law must be created by Congress." *Id.* (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). To demonstrate a private right of action, the plaintiff "must show that a statute creates either an explicit private right of action or an implied private right of action." *Id.*

Here, no explicit private right of action exists, and no private right of action can be reasonably inferred, under any of the identified criminal statutes. Accordingly, Counts 6, 7, and 8 will be dismissed for failure to state a claim upon which relief can be granted.

      D.    **Count 3 (Conscious Pain and Suffering) and Count 9 (Punitive/Exemplary Damages)**

Counts 3 and 9 appear to describe alleged damages, rather than identifying causes of action. Accordingly, Counts 3 (Conscious Pain and Suffering) and Count 9 (Punitive/Exemplary

Damages) will be dismissed for failure to state a claim upon which relief can be granted.

> **E.     Judge Katherine Field, Probate Register Gina L. DeRossi, Barbara Pacheco, and Melinda J.E. Sheppard Are Immune from Suit**

All claims against Judge Katherine A. Field are barred by the doctrine of absolute judicial immunity.  *Becks v. Plymouth County Superior Court*, 511 F. Supp. 2d 203, 206 (D. Mass. 2007) ("Absolute immunity from civil liability applies to any judicial officer for any normal and routine judicial act.").  "Absolute immunity applies to 'judges performing judicial acts within their jurisdiction,' and the protection it affords applies even if the official 'acted maliciously and corruptly in exercising his judicial . . . functions' or 'in the presence of grave procedural errors.'" *Ives v. Agastoni*, No. CV 15-30153-MAP, 2015 WL 9647559, at *3 (D. Mass. Dec. 14, 2015) (quoting *Goldstein v. Galvin,* 719 F.3d 16, 24 (1st Cir.2013)), report and recommendation adopted, No. 15-CV-30153-MAP, 2016 WL 79881 (D. Mass. Jan. 5, 2016).  All of plaintiff's allegations concerning Judge Field arise out of judicial actions in the ongoing probate proceedings. Accordingly, all claims against defendant Judge Field will be dismissed for failure to state a claim upon which relief can be granted.

The "doctrine of quasi-absolute judicial immunity extends to employees of a court when they perform tasks that are an integral part of the judicial process." *Andre v. Moriarty*, No. CIV. 11-40009-FDS, 2011 WL 1456773, at *7 (D. Mass. Apr. 4, 2011); *see Bowen v. Worcester Family & Prob. Court*, No. CIV.A. 14-40113-TSH, 2014 WL 5106419, at *1 (D. Mass. Oct. 9, 2014) (dismissing action *sua sponte* and holding that quasi-absolute judicial immunity attached to probate and family court register and other court personnel acting in furtherance of their official duties).  Here, plaintiff contends that the register of probate and various other staff have failed to properly undertake their official duties of probating plaintiff's father's estate.  As pleaded, all claims against defendants Gina L. DeRossi, Barbara Pacheco, and Melinda J.E.

Sheppard allegedly arise out of the performance of their duties in ongoing probate court proceedings. Accordingly, all claims against those three employees will be dismissed for failure to state a claim upon which relief can be granted.

### F. Claims against Bristol County Probate and Family Court Division and Jan Dabrowski

#### 1. Bristol County Probate and Family Court Division.

The Bristol County Probate and Family Court Division, as an arm of the state, is immune from suit for monetary damages under 42 U.S.C. §1983 in federal court under the Eleventh Amendment to the United States Constitution. *Dicenzo v. Prob.*, No. 15-CV-30171-MAP, 2015 WL 9690895, at *3 (D. Mass. Nov. 19, 2015) (dismissing claim against Massachusetts Probate Court under Eleventh Amendment sovereign immunity), report and recommendation adopted *sub nom. Dicenzo v. Massachusetts Prob. & Family Court*, No. 15-CV-30171-MAP, 2016 WL 128127 (D. Mass. Jan. 12, 2016). Plaintiffs' claims against the Bristol County Probate Court for monetary damages are therefore barred.

As to Count 4 (Negligence), "[u]nder the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258, § 2, the Commonwealth has waived sovereign immunity for certain suits, but only in the Superior Court. Mass. Gen. Laws ch. 258, § 3 . . . [but] . . . [t]he Commonwealth has not consented to be sued in federal courts." *Adams v. Cousins*, No. CIV.A. 06-40117-FDS, 2009 WL 1873584, at *6 (D. Mass. Mar. 31, 2009).

That leaves Count 2 (Violation of the Americans with Disabilities Act and Rehabilitation Act). Plaintiff contends that she is disabled, and that she was entitled to, and denied, a reasonable accommodation in violation of Title II of the ADA. Under Title II, public entities, including state and local governments, are prohibited from discriminating against qualified individuals with disabilities. 42 U.S.C. § 12132. Of the 162 paragraphs contained in the

complaint, only one makes specific factual allegations concerning plaintiff's disability. Paragraph 74 alleges that plaintiff "has speech problems due to past surgeries to remove thyroid cancer and trans-sphenoidal to remove pituitary tumor. Judge Field interrupted Michelle numerous times, did not allow Michelle the opportunity to plead her case." Compl. ¶ 74. Assuming that plaintiff was a qualified individual with a disability who was entitled to the protection of the act, the bare allegation that the judge interrupted her is insufficient to state a claim under the ADA. Furthermore, the complaint does not allege that plaintiff ever requested an accommodation for her disability. *See Reed v. LePage Bakeries, Inc.,* 244 F.3d 254, 261 (1st Cir. 2001) (finding that a person's "disability and concomitant need for accommodation are often not known . . . until the [person] requests an accommodation"). Nor does she allege what specific accommodation she required. Therefore, the factual allegations in the complaint fail to state a claim under the ADA upon which relief can be granted.[3]

Accordingly, all claims against the Bristol County Probate and Family Court Division will be dismissed for failure to state a claim upon which relief can be granted.

### 2. Jan Dabrowski

The remaining defendant is Jan Dabrowski, the personal representative of the estate. There is no cognizable federal claim under 42 U.S.C. § 1983 against a court-appointed personal representative of an estate, because the representative is not a state actor for purposes of section 1983. *See Lipin v. Ellis*, No. 07-92-P-S, 2007 WL 2198876, at *12 (D. Me. July 26, 2007), *aff'd*, No. CIV. 07-92-P-S, 2007 WL 2701493 (D. Me. Sept. 10, 2007); *Witte v. Young*, No. 2:14-CV-

---

[3] Even if the complaint had stated a claim under Title II, it is questionable whether it alleges facts sufficient to give plaintiff standing to seek the remedy she requests. Plaintiff seeks a permanent injunction requiring the Bristol County Probate Court to undergo sensitivity training concerning individuals with mental health and medical disorders. Such prospective relief would not redress any concrete injury plaintiff suffered in the past, nor has she alleged facts sufficient to suggest that it is necessary to avoid a "real or immediate threat that [she] will be wronged again." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

2439-TLN-EFB, 2015 WL 5232681, at *4 (E.D. Cal. Sept. 8, 2015) (collecting cases). Furthermore, the complaint does not allege any plausible factual allegations to support a claim against Dabrowski under either the Americans with Disability Act or Rehabilitation Act.

The remaining claim against Dabrowski is for negligence. In substance, the complaint alleges that as personal representative of the estate, Dabrowski breached a duty of care and duty of loyalty owed to the estate by not following court orders, not giving notice, evading family members, and not protecting the interests of family members. (*See* Am. Complt. ¶ 154-55). Even assuming the existence of such a claim, it arises under state law, not federal law. Under the circumstances, and with all federal claims having been dismissed, the Court will decline to exercise supplemental jurisdiction over the claim. *See* 28 U.S.C. § 1367(c)(3).

### III.   Conclusion

For the foregoing reasons,

1. All claims of plaintiff the Estate of Michael H. McNeil are DISMISSED without prejudice. Michelle McNeil may not represent the estate and the estate may not appear *pro se* pursuant to L.R. 83.5.5.

2. All claims against defendants Judge Katherine Field, Probate Register Gina L. DeRossi, Barbara Pacheco, Melinda J.E. Sheppard, and the Bristol County Probate Court are DISMISSED for failure to state a claim upon which relief can be granted.

3. All claims against defendant Jan Dabrowski except Count 4 (Negligence) are DISMISSED for failure to state a claim upon which relief can be granted.

4. All claims against defendant Jan Dabrowski for negligence are DISMISSED without prejudice, as the Court declines to exercise supplemental jurisdiction over

such claims.

**So Ordered.**

|  |  |
|---|---|
| Dated:  January 20, 2017 | /s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge |